UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL D. KING,                          )
                                          )
            Petitioner,                   )     Case No.  C05-1089-TSZ
                                          )
      v.                                  )
                                          )
UNITED STATES OF AMERICA,                 )     REPORT AND RECOMMENDATION
                                          )
            Respondent.                   )
_____   )

INTRODUCTION AND SUMMARY CONCLUSION

Proceeding through counsel, petitioner has filed a motion under 28 U.S.C. § 2255

seeking to vacate, set aside, or correct his 2000 federal court sentence.  Respondent has filed a

response opposing the motion.  Following a careful review of the parties' papers and the

available record, the Court recommends that petitioner's § 2255 motion be denied.

FACTS

Petitioner was convicted by a jury on one count of conspiracy to manufacture and

distribute marijuana and one count of possession of marijuana with intent to distribute in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  Case No. CR00-132, Dkt. No.

101.  Shortly after he was convicted, petitioner moved to dismiss the indictment based on the

then-recent Supreme Court case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In an order

dated October 2, 2000, the court denied the motion because the Government did not seek a

REPORT AND RECOMMENDATION
PAGE -1

01 sentence greater than the five-year statutory maximum.  Dkt. No. 97.  Consequently, the court

02 held that *Apprendi* was not implicated.  Petitioner was sentenced to serve five years in

03 custody, followed by five years of supervised release.[1]  Dkt. No. 101.

04      Counsel was appointed and represented petitioner in his direct appeal.  Dkt. No. 110.

05 In his appeal, petitioner maintained that his sentence was unconstitutional under *Apprendi*

06 because the jury was not instructed to find the amount of marijuana necessary to trigger the

07 mandatory minimum sentence.  He also challenged the constitutionality of the statutes used to

08 convict him.  In an unpublished memorandum opinion, the Ninth Circuit affirmed his

09 conviction, holding that *Apprendi* did not apply, because his sentence was the maximum

10 applicable to the lowest distribution quantity of marijuana and because the statute used to

11 convict him had recently been found constitutional.  *United States v. King*, 32 Fed. Appx. 422

12 (9th Cir. 2002) (mem.).  The Supreme Court denied his petition for writ of certiorari on

13 October 7, 2002.  *King v. U.S.*, 537 U.S. 871 (2002).

14      On July 23, 2004,[2] petitioner submitted a letter requesting that the court amend his

15 sentence in light of *Blakely v. Washington*.  124 S. Ct. 2531 (2004); Dkt. No. 121.  The court

16 construed the letter as a § 2255 motion to vacate, set aside, or correct his sentence and

17 appointed counsel to represent him in the matter.  Dkt. Nos. 124, 125, 128.  Petitioner

18 subsequently filed a formal § 2255 motion and memorandum in support thereof.  Dkt. Nos.

19

20

21      [1]Petitioner has completed the custody portion of his sentence and is currently fulfilling
22 his supervised release obligations.  The parties agree that petitioner's supervised release status
satisfies the in-custody jurisdictional requirement.  The Court agrees.  *See Dow v. Circuit*
23 *Court of the First Circuit*, 995 F.2d 922 (9th Cir. 1993); *Matus-Leva v. United States*, 287
F.3d 758, 761 (9th Cir. 2002).
24

25      [2]The letter itself is dated July 19, 2003, but this appears to be an error.  The docket
indicates that the letter was docketed on July 23, 2004.  Case No. CR00-132, Dkt. No. 121.
26 Moreover, *Blakely v. Washington*, the main focus of the letter, was not decided until June 24,
2004.

REPORT AND RECOMMENDATION
PAGE -2

01   133, 134.  After a brief stay pending the outcome of *United States v. Booker*, 125 S. Ct. 738

02   (2005), the Government filed its response.  Case No. C05-1089, Dkt. Nos. 6, 7.

03   <u>CLAIMS FOR RELIEF</u>

04        On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v.*

05   *Washington*.  In *Blakely*, the Supreme Court addressed a provision of the Washington

06   Sentence Reform Act which permitted a judge to impose a sentence above the statutory range

07   upon finding, by a preponderance of the evidence, that certain aggravating factors justified the

08   departure.  *Blakely*, 124 S. Ct. at 2535.  In that case, the trial court relied upon this provision

09   to impose an exceptional sentence that exceeded the top end of the standard range by 37

10   months.  *Id.*  The Supreme Court held that this exceptional sentence violated the Sixth

11   Amendment because the facts supporting the exceptional sentence were neither admitted by

12   petitioner, nor found by a jury.  The Court explained that "the 'statutory maximum' for

13   *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the*

14   *facts reflected in the jury verdict or admitted by the defendant.*"  *Id.* at 2537 (emphasis in

15   original).

16        On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*.

17   In *Booker*, the Supreme Court concluded that the *Blakely* analysis also applied to the Federal

18   Sentencing Guidelines.  *Booker*, 125 S. Ct. at 745.  The Supreme Court remedied the Sixth

19   Amendment problem by excising the provision of the Sentencing Reform Act that made the

20   Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thereby rendering the Guidelines effectively

21   advisory.  *Id.* at 764-65.

22        In his motion, petitioner argues that the district court erred by sentencing him in a

23   manner that violated *Blakely* and *Booker*.  Case No. C05-1089, Dkt. Nos 1, 2.  The

24   government has moved to dismiss the petition, asserting that it is barred by the statute of

25   limitations.  Dkt. No. 7.  Because petitioner's motion was filed more than a year after his

26

REPORT AND RECOMMENDATION
PAGE -3

01  conviction became final, and because *Blakely* and *Booker* do not apply retroactively to cases

02  on collateral review, petitioner's motion is time-barred.

03  DISCUSSION

04      A one-year statute of limitations applies to motions brought pursuant to 28 U.S.C. §

05  2255.  According to paragraph six of that section, a one-year statute of limitations period shall

06  run from the latest of:

07      (1)    the date on which the judgment of conviction becomes final; [or]

08      . . .

09      (3)    the date on which the right asserted was initially recognized by the
             Supreme Court, if that right has been newly recognized by the Supreme

10             Court and made retroactively applicable to cases on collateral review[.]

11
    28 U.S.C. § 2255 ¶ 6.
12
        A.    Petitioner's Motion Is Time-Barred Because It Was Filed More Than

13            One Year After His Conviction Became Final.

14      A conviction becomes final in the context of collateral review when the Supreme

15  Court "affirms a conviction on the merits on direct review or denies a petition for a writ of

16  certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537

17  U.S. 522, 527 (2003).  In this case, petitioner's case became final on October 7, 2002, the

18  date the Supreme Court denied his petition for writ of certiorari.  Petitioner's motion,

19  however, was not filed until July 23, 2004, approximately nine months after the one-year

20  statute of limitations had expired.  Case No. CR00-132, Dkt. No. 121.  Petitioner's motion is

21  therefore time-barred under 28 U.S.C. § 2255(1), unless *Blakely* and *Booker* can be

22  retroactively applied to his claims.

23      B.    Petitioner's Motion Is Time-Barred Because *Blakely v. Washington* and
             *United States v. Booker* Do Not Apply Retroactively to Cases on

24            Collateral Review.

25      Petitioner argues that *Blakely* and *Booker* should be applied retroactively.  Dkt. Nos. 1,

26  2. However, the Ninth Circuit recently held that neither *Blakely* nor *Booker* apply

REPORT AND RECOMMENDATION
PAGE -4

01   retroactively to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir.

02   2005); *United States v. Cruz*, No. 03-35873, 423 F.3d 1119 (9th Cir. September 16, 2005)

03   (per curiam).  Because *Blakely* and *Booker* do not apply retroactively to cases on collateral

04   review, petitioner's motion is time-barred under 28 U.S.C. § 2255(3).  As a result, the

05   petitioner's motion must be denied.

06   CONCLUSION

07       For the reasons set forth above, petitioner's § 2255 motion should be denied.  A

08   proposed order accompanies this Report and Recommendation.

09       DATED this 17th day of November, 2005.

10

11                                      JAMES P. DONOHUE

12                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -5